UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TRUMAN E. UHLRY,

    Petitioner,

  v.

RANDY BLADES,

    Respondent.

Case No. 1:15-cv-00256-CWD

**MEMORANDUM DECISION AND ORDER**

      Pending before the Court in Petitioner Truman E. Uhlry's habeas corpus matter are several motions filed by the parties, including a Motion for Summary Dismissal. All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 13.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

      Having fully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, the memoranda, and the entire record. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## PRELIMINARY MOTIONS

### 1.  Petitioner's Motion for Appointment of Counsel (Dkt. 19)

Rules 6(a) and 8(c) of the Rules Governing § 2254 Cases provide for appointment of counsel in habeas corpus actions if needed for effective discovery or an evidentiary hearing. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

After reviewing the record, the Court concludes it is very clear Petitioner missed his statute of limitations by many years. This preliminary procedural issue is not complex, and the Court does not believe that appointment of counsel would aid in the resolution of this matter. Therefore, the Court will deny the motion.

### 2.  Petitioner's Motions for Extension of Time (Dkts. 17, 20)

Good cause appearing, Petitioner's motions for extension of time to respond to the Motion for Summary Dismissal will be granted. Petitioner's Traverse/Response (Dkt. 23) is deemed timely.

## RESPONDENT'S MOTION TO DISMISS

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

**MEMORANDUM DECISION AND ORDER - 2**

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

## 1.  Statute of Limitations Defense

The Court will first address Respondent's argument that Petitioner's entire petition is subject to dismissal with prejudice for failure to meet the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

### A. *Standard of Law for Calculating Statute of Limitations*

Under AEDPA, a federal habeas corpus petition challenging a state court judgment must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1]

---

[1]    Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 3**

28 U.S.C. § 2244(d)(1)(A). One year means 366 days, for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his claim:

| **Action Taken** | **Finality Occurs** |
| --- | --- |
| No appeal is filed after state district court order or judgment (*see* Idaho Appellate Rule 14) | 42 days later |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed the Idaho Supreme Court (*see* Idaho Appellate Rule 118) | 21 days later |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court (*see* United States Supreme Court Rule 13) | 90 days later |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | on date of denial. |

In each instance above, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001). The federal statute of limitations begins the day after the conviction becomes final. *Patterson v. Stewart*, 251 F.3d at 1246.

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for

State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).[2]

Because this particular statutory provision applies only to collateral relief cases

remaining *pending* "until the application has achieved final resolution through the State's

postconviction procedures," the added time periods for seeking state or federal high court

review that are allowed in the calculation of finality after direct appeal are *not* applied to

extend the tolling periods for postconviction actions where the petitioner takes no further

action.[3]

In addition, the statute of limitations is *not* tolled between the date the direct

appeal is "final" and the filing of a proper postconviction application, or between

postconviction finality and any successive collateral review petition. *Id*. Each time

statutory tolling ends, the statute of limitations does not restart at one year, but begins

running at the place where it stopped before the postconviction action was filed.

 Once a federal statute of limitations has expired, it cannot be reinstated or

resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820,

822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations

period that has ended before the state petition was filed").

---

[2]        In *Wall v. Kholi,* 131 S.Ct. 1278 (2011), the United States Supreme Court held that a motion to reduce a
sentence under Rhode Island state law was a "collateral review" application that tolled the AEDPA statute of
limitations under § 2244(d)(2). Idaho's Rule 35 is similar to Rhode Island's; thus, Idaho petitioners' federal habeas
corpus statute of limitations may be tolled while Rule 35 proceedings are pending.

[3]        *See Lawrence v. Florida*, 549 U.S. 327 (2007) (the 90-day time period in which a petitioner can file for a
petition for writ of certiorari with the United States Supreme Court is not added to the tolling time period in
instances where a petitioner does not file a petition with that Court).

**MEMORANDUM DECISION AND ORDER - 5**

If a petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, the Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." 544 U.S. 408, 418 (2005). In addition, there must be a causal link between the lateness and the extraordinary circumstances. *See Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) (A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence.). The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

### B.     *Relevant Facts*

Under a plea agreement with the State of Idaho, Petitioner pleaded guilty to and was convicted of felony driving under the influence. A judgment imposing a sentence of incarceration of five years fixed with five years indeterminate was entered on July 1, 2008. (State's Lodging A-1, pp. 72-77.) On July 15, 2008, Petitioner filed a Rule 35 motion to reconsider the sentence and the fine of $3,500. On August 7, 2008, the Court declined to order a reduced sentence, but ordered the fine reduced to $1,500. (State's Lodging A-1, pp. 67, 79-87.) Because Petitioner waived his right to appeal the judgment of conviction in his plea agreement, he did not file an appeal. Nothing was pending in state court until Petitioner filed another motion regarding fines and costs on June 21,

**MEMORANDUM DECISION AND ORDER - 6**

2012. Petitioner filed several other later state court actions before filing his federal Petition for Writ of Habeas Corpus on July 10, 2015.[4]

### C.   *Discussion*

Petitioner's judgment became final on September 18, 2008, 42 days after the state district court entered its amended order denying Petitioner's Rule 35 motion on August 7, 2008. *See* I.A.R. 14(a). The one-year limitation period began running the next day, September 19, 2008, and expired one year later on September 19, 2009, because no state court action was filed during that time period that would have served to toll the federal statute. The one-year filing period could not be resurrected by Petitioner's actions filed in 2012 and beyond. (See State's Lodging A-1, p. 84, *et seq.*)

Petitioner was informed of the equitable tolling standard of law in Respondent's summary dismissal briefing. (Dkts. 10, 14-1.) Petitioner has not made an equitable tolling argument to show why he could not have brought his claims in a timely manner. No factual grounds for applying equitable tolling are apparent from the record.

---

[4]     The Clerk of Court filed Petitioner's Petition for Writ of Habeas Corpus on July 10, 2015. (Dkt. 3.) It does not appear that the mailbox rule applies in this case, because the mailing certificate indicates that Petitioner used first class mail, instead of placing his filing in the hand of prison officials for mailing. (*Id.*, p. 10.) *See Houston v. Lack*, 487 U.S. 266 (1988) (a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court). *See also Caldwell v. Amend*, 30 F.3d 1199, 1201 (9th Cir. 1994) ("The exception to ordinary filing requirements established in *Houston* is premised on the pro se prisoner's mailing of legal documents [to the Clerk of Court] through the conduit of prison authorities whom he cannot control and whose interests might be adverse to his." (internal citation omitted)). Even if the Court permits Petitioner to use the mailbox rule filing date of June 25, 2008, his claims still are untimely.

**MEMORANDUM DECISION AND ORDER - 7**

### 2.  Conclusion

Based on the foregoing, the Court concludes that the Petition is untimely, that equitable tolling does not apply, and that the Petition is subject to dismissal with prejudice. As a result, the Court does not reach Respondent's arguments that the claims are procedurally defaulted or not cognizable.

## ORDER

**IT IS ORDERED:**

1.  Petitioner's Motion for Appointment of Counsel (Dkt. 19) is DENIED.

2.  Petitioner's Motions for Extension of Time (Dkts. 17, 20) are GRANTED.

3.  Respondent's Motion for Summary Dismissal (Dkt. 14) is GRANTED.

4.  The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED with prejudice.

5.  The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

**MEMORANDUM DECISION AND ORDER - 8**

DATED: August 5, 2016



_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**